# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Case No. 16-07207-JMC-7A |
| ITT EDUCATIONAL SERVICES, INC., *et al.*,[1] | Chapter 7 |
| Debtors. | Jointly Administered |
| DEBORAH J. CARUSO, TRUSTEE FOR ITT EDUCATIONAL SERVICES, INC., *et al.*, | Adv. Proceeding No. 16-50318-JMC |
| Plaintiff, | |
| -against- | |
| SECURITIES AND EXCHANGE COMMISSION, CONSUMER FINANCIAL PROTECTION BUREAU, MAURA T. HEALY, in her capacity as the Attorney General of the Commonwealth of Massachusetts, HECTOR H. BALDERAS, JR., in his capacity as the Attorney General of the State of New Mexico, TERRI L. BURTON, RAYMOND BRINEY, RODFORD SEABOLT, DALISHA K. ALDRIDGE, KAYLA SCIFRES, THERESA WINTERS, NICOLE AKERLEY, and JOHN/JANE DOES 1-10, | |
| Defendants. | |

### TRUSTEE'S MOTION TO DISMISS
### REMAINING DEFENDANTS WITHOUT PREJUDICE

Deborah J. Caruso, the chapter 7 trustee in the above-captioned bankruptcy cases and plaintiff herein (the "Trustee"), by counsel, requests entry of an order dismissing this adversary proceeding against the defendants, Terri L. Burton, Raymond Briney, Rodford Seabolt, Dalisha K. Aldridge, Kayla Scifres, Theresa Winters and Nicole Akerley (collectively, the "Kentucky Defendants") on the following grounds:

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

## I. JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for relief is Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure.

## II. BACKGROUND

4. On September 16, 2016 (the "Petition Date"), ITT Educational Services, Inc. ("ITT"), ESI Service Corp. ("ESI") and Daniel Webster College, Inc. ("DWC," and together with ITT and ESI, the "Affiliated Debtors") each filed voluntary petitions for relief under chapter 7 of the United States Code (the "Bankruptcy Code"). The Trustee was appointed interim trustee under section 701 of the Bankruptcy Code in each of the Affiliated Debtors' bankruptcy cases on the Petition Date, and in accordance with section 702(d) of the Bankruptcy Code, became the permanent case trustee on November 1, 2016 following the conclusion of the meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code.

5. On October 10, 2016, the Trustee initiated this adversary proceeding by filing the *Complaint for Declaratory and Injunctive Relief* (the "Complaint") [Doc 1] against several defendants, including the KY Defendants, seeking declaratory and injunctive relief to stay two forms of actions: (a) actions brought by certain governmental units against the Affiliated Debtors and (b) actions against the Affiliated Debtors' former directors and officers that could implicate claims owned by the Affiliated Debtors' bankruptcy estates or impair the bankruptcy estates' interest in available insurance proceeds that constitute property of the bankruptcy estates.

The Trustee contemporaneously filed therewith the *Trustee's Motion to Stay, or in the Alternative, for Injunctive Relief Enjoining, Prosecution of Pending Litigation Against the Debtors* [Doc 3].

6. The Kentucky Defendants were named in the Complaint based on the 2013 lawsuit they filed against ITT in the Kentucky Court of Justice, styled *Burton, et al. v. ITT Educational Services, Inc., et al.*, assigned case number 13-CI-004839 (the "Kentucky Action"). The Kentucky Action asserted claims of fraud, negligence, breach of contract, violation of Kentucky Consumer protection law, unjust enrichment, and violations of Kentucky nursing regulations. The Kentucky Action was expanded to include claims against ITT's former chief executive officer, who is covered under one or more of the Affiliated Debtors' D&O policies, and four other employees.

7. On November 8, 2016, the Court entered its *Order Temporarily Granting in Part and Denying in Part Trustee's Motion to Stay, or in the Alternative, for Injunctive Relief Enjoining Prosecution of Pending Litigation Against Debtors* (the "1st Order") [Doc 34], directing, in part, that the Kentucky Action was stayed with respect to the Affiliated Debtors, but was not stayed with respect to any other parties.

8. On January 19, 2017, the Court entered its *Order Clarifying Status of Stay of Burton Action in Connection with Trustee's Motion to Stay, or in the Alternative, for Injunctive Relief Enjoining, Prosecution of Pending Litigation Against Debtors* (the "2nd Order") [Doc 107], clarifying and directing that the Kentucky Action was stayed only with respect to the Affiliated Debtors and was not stayed with respect to any individual defendant, or any other party that is not an Affiliated Debtor (collectively, the "Non-ITT Parties"), and that the court overseeing the Kentucky Action may issue orders and conduct proceedings affecting the Non-ITT Parties in the

3

Kentucky Action without violating the automatic stay imposed by section 362 of the Bankruptcy Code or the Court's priors orders related to such stay.

### III.  RELIEF REQUESTED

9.  The Trustee requests entry of an order, (a) dismissing this adversary proceeding against the Kentucky Defendants, without prejudice, and (b) directing that the Court's prior orders in this adversary proceeding, including but not limited to, the 1st Order and 2nd Order, shall remain unaffected by the dismissal of the Kentucky Defendants.

### IV.  GROUNDS FOR GRANTING RELIEF

10.  Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Bankruptcy Rule 7041, provides, in part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

11.  Here, dismissal of the Kentucky Defendants is proper.  All matters regarding the other named defendants have been resolved and the other named defendants have been dismissed.  Considering the Court's prior orders in this matter, including the 1st Order and 2nd Order, all matters regarding the Kentucky Defendants have been resolved and this action may be dismissed against the Kentucky Defendants, subject to the Court's prior rulings remaining unaffected.

12.  The Trustee has discussed this motion with counsel for the Kentucky Defendants and he has consented to the requested relief.

**WHEREFORE**, the Trustee respectfully requests entry of an order:  (i) dismissing this adversary proceeding against the Kentucky Defendants, without prejudice; (ii) directing that the Court's prior orders in this adversary proceeding, including but not limited to, the 1st Order and

2nd Order, shall remain unaffected by the dismissal of the Kentucky Defendants; and (iii) granting the Trustee all other just and proper relief.

Respectfully submitted,

/s/ Meredith R. Theisen
Deborah J. Caruso (Atty. No. 4273-49)
Meredith R. Theisen (Atty. No. 28804-49)
**RUBIN & LEVIN, P.C.**
135 N. Pennsylvania Street, Suite 1400
Indianapolis, Indiana 46204
Telephone:  (317) 634-0300
Facsimile:  (317) 263-9411

*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, a copy of the foregoing *Trustee's Motion to Dismiss Remaining Defendants without Prejudice* was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

James David Ballinger    jim@kentuckytrial.com, jennifer@kentuckytrial.com
Deborah Caruso    dcaruso@rubin-levin.net, dwright@rubin-levin.net;cgilly@rubin-levin.net;atty_dcaruso@bluestylus.com
Elaine Victoria Fenna    elaine.fenna@morganlewis.com
Lisa Giandomenico    lgiandomenico@nmag.gov
John C. Hoard    johnh@rubin-levin.net, lking@rubin-levin.net;atty_jch@trustesolutions.com;sturpin@rubin-levin.net
Diana Hooley    diana.hooley@state.ma.us
James C Jacobsen    jjacobsen@nmag.gov, eheltman@nmag.gov
Timothy Q. Karcher    tkarcher@proskauer.com
Jeff J. Marwil    jmarwil@proskauer.com
Rachel Jaffe Mauceri    rmauceri@rc.com
Maureen Elin McOwen    molly.mcowen@cfpb.gov
Thomas E Mixdorf    thomas.mixdorf@icemiller.com, brandy.matney@icemiller.com
Jonathan Hjalmer Reischl    jonathan.reischl@cfpb.gov
James E Rossow    jim@rubin-levin.net, mralph@rubin-levin.net;ATTY_JER@trustesolutions.com
Meredith R. Theisen    mtheisen@rubin-levin.net, dwright@rubin-levin.net;mcruser@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

5

Philip A. Whistler    philip.whistler@icemiller.com, holly.minnis@icemiller.com
Cathleen Dianne Wyatt    cwyatt@fbtlaw.com, tacton@fbtlaw.com
Philip A. Whistler    philip.whistler@icemiller.com, holly.minnis@icemiller.com
Cathleen Dianne Wyatt    cwyatt@fbtlaw.com, tacton@fbtlaw.com

                                                */s/ Meredith R. Theisen*
                                                Meredith R. Theisen